**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORGE GALAVIZ** | § | |
| | § | |
| **v.** | § | **A-12-MC-82 LY** |
| | § | |
| **C.R. ENGLAND INC. D/B/A ENGLAND** | § | |
| **LOGISTICS and DANUT BORZOS** | § | |

**ORDER**

Before the Court are Plaintiff Jorge Galaviz ("Galaviz") and Non-Party Movant Key Health Medical Solutions, Inc.'s ("Key Health") Objections, Motion to Quash, and Motion for Protective Order and Galaviz' Objections, Motion to Quash, and Motion for Protective Order (Clerk's Dkt. #1); Galaviz and Key Health's Request for Oral Hearing (Clerk's Dkt. #2); Defendants' Response to Galaviz and Key Health's Objections, Motion to Quash and Motion for Protective Order and Galaviz' Objections, Motion to Quash and Motion for Protective Order Subject to Defendants' Motion to Strike Plaintiff and Key Health's Objections, filed February 7, 2012 (Clerk's Dkt. #7); Defendants' Motion to Strike Galaviz and Key Health's Objections, filed February 7, 2012 (Clerk's Dkt. #8); Plaintiff and Key Health's Memorandum in Support of Plaintiff and Key Health's Objections, Motion to Quash, and Motion for Protective Order and Plaintiff's Objections, Motion to Quash, and Motion for Protective Order, filed February 24, 2012 (Clerk's Dkt. #11); and Defendants' Response to Plaintiff and Key Health's Memorandum, filed March 2, 2012 (Clerk's Dkt. #12).

The District Court referred the motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C

of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff Galaviz originally brought suit against Defendants, Danut Borzos and CR England, Inc. d/b/a England Logistics, to recover for personal injuries resulting from Defendants' alleged negligence. The case began in state court and was removed to the United States District Court for the Southern District of Texas, Laredo Division, where it is currently pending.  The discovery at issue involves Plaintiff's medical providers, Dr. Robert Josey ("Josey") and The Hospital at Westlake Medical Center ("The Hospital"), as well as Key Health, a medical factoring company, which purchased the medical accounts receivable for Galaviz from the medical providers.

Plaintiff and Key Health allege that on December 14, 2011, Plaintiff served Defendants with Notice of Plaintiff's Intention to take the Deposition by Written Questions of the Custodian of Billing Records for Josey; Notice of Plaintiff's Intention to take the Deposition by Written Questions of the Custodian of Medical Records for Josey; Notice of Plaintiff's Intention to take the Deposition by Written Questions of the Custodian of Billing Records for The Hospital; and Notice of Plaintiff's Intention to take the Deposition by Written Questions of the Custodian of Medical Records for The Hospital.  On January 18, 2012, Defendants' attorney served on Plaintiff's attorney its Notice of Cross-Questions for each of the above Custodian of Records.

Defendants' cross-questions appear to seek billing information related to Josey and The Hospital in order to discover the medical/healthcare services rendered and the amounts paid. Defendants assert they need this information to present it to their medical expert to see what amounts are reasonable and necessary with regard to damages. Specifically, they seek the amounts initially charged by the medical/healthcare provider, the amounts paid by Key Health to the

2

medical/healthcare provider, and the amounts not being requested by Key Health after the purchase of the medical/healthcare provider's accounts receivable.[1]  Plaintiff and Key Health and Plaintiff individually object to and move to quash Defendants' cross-questions on a number of grounds.

First, Key Health and Plaintiff object to and move to quash Defendants' cross-questions because the cross-questions were not timely served.  Pursuant to Rule 31(a)(5), Defendants had fourteen days from the day Plaintiff's notice and direct questions were served to serve their cross-questions.  FED. R. CIV. P. 31(a)(5).  Defendants state they did not receive the notice until January 5, 2012, and point out that the date on Defendants' Certificate of Service for the Notice and Direct Questions is illegible.  One of the numbers on the date is indeed illegible.  It reads "12/1*/2011," with the asterisk representing an illegible number.  Although the parties dispute the exact date Plaintiff's notice was served, a precise resolution of that dispute is unnecessary. At the latest, the date was December 19, 2011, which required cross-questions by January 2, 2012.  Defendants' service of cross-questions on January 18, 2012, was untimely regardless of what number the asterisk represents.

The untimeliness of Defendants' cross-questions may be irrelevant, however.  Defendants can serve another deposition by written questions on the same deponents, either without leave of court if the deposition has not yet occurred or with leave of court if the deposition has already happened. FED. R. CIV. P. 31(a)(1) and  31(a)(2)(A)(ii). Other than the Rule 31(a)(5) objection, Plaintiff and Key Health would presumably have the same objections so, rather than waste judicial

---

[1]Key Health is a medical factoring company, which is an entity that purchases accounts receivable from medical providers. In the case of bills for medical treatment rendered to plaintiffs with third-party liability claims, medical factoring companies like Key Health customarily purchase medical bills from the medical providers at a discounted rate.

3

resources and time, the Court is inclined to address the merits of the objections at this time. The Court notes that Rule 31(a)(5) states the "court may, for good cause, extend or shorten [the deadlines]." *Id.* Although Defendants have not asked for such an extension, the Court will nonetheless address the objections on the merits.

Substantively, Plaintiff and Key Health object, move to quash, and move for a protective order regarding a number of cross-questions directed to Josey and the Hospital.[2]  Plaintiff and Key Health argue these cross-questions request information that is overbroad, outside the scope of permissible discovery, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence under Federal Rules of Evidence Rules 401 and 402 as well as Federal Rules of Civil Procedure Rule 26.  In response, Defendants argue these objections are not sufficiently specific.  The Fifth Circuit requires that "the party resisting discovery must show specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (internal quotations omitted). "Broad-based, non-specific objections are almost impossible to assess on their merits and fall woefully short of the burden that must be born by a party making an objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D.Tex. 2006).  Here, Plaintiff and Key Health's Objections are boiler plate objections that do not mention the individual cross-questions with any specificity.

In turn, Plaintiff and Key Health maintain that the challenged cross-questions seek irrelevant information concerning the details of Key Health's medical factoring practices.  Plaintiff and Key Health argue these practices are not relevant to the Court's analysis under Texas' "paid or incurred"

---

[2]The objections are to these cross-questions: Josey (Billing) and The Hospital (Billing) Numbers 21, 24-28, and 34; and Josey (Medical) and The Hospital (Medical) Numbers 25, 28-32, and 37-39.

4

statute, which states "recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105. Plaintiff and Key Health state that Defendants will likely argue that the cross-questions seek relevant information because Key Health purchased medical bills from Plaintiff's medical providers at a discounted rate, and thus § 41.0105 will not permit Plaintiff to recover any amounts adjusted or written off by the medical providers after they sold the bills to Key Health. Plaintiff and Key Health offer a number of reasons as to why such an argument would be erroneous.

Defendants correctly point out they have not asserted the applicability of §41.0105. They further note that § 41.0105 relates to medical/healthcare billing information that has already been produced. Defendants argue that the issue here is not whether §41.0105 permits Plaintiff to recover amounts adjusted or written off by the medical providers after they sold their bills to Key Health. Instead, Defendants argue the issue is whether Plaintiff and Key Health can block Defendants from discovering medical/healthcare billing information that allows Defendants to explore whether the amounts paid for medical and healthcare services were reasonable and necessary with regard to damages. The Court agrees with Defendants that Plaintiff and Key Health's §41.0105 argument is premature. As Defendants' request is relevant to a determination of whether the amounts paid for medical and healthcare services were reasonable and necessary regarding damages, the Court will overrule these objections and deny the motion to quash or for protective order on these grounds.

Regarding these same cross-questions, Plaintiff and Key Health further object that the information sought, if disclosed, would reveal privileged material or material that is proprietary or trade secrets. In response, Defendants note the parties have entered into a confidentiality agreement. (Clerk's Dkt. #12, Ex. A). The confidentiality agreement between Defendants and Key Health

5

provides sufficient protections to Key Health's interests. Accordingly, the Court will also overrule Plaintiff and Key Health's objections and deny their motion to quash or for protective order on these grounds.

Finally, Plaintiff individually brings his Objections, Motion to Quash, and Motion for Protective Order regarding Defendants' Cross Questions to Josey (Billing and Medical) and The Hospital (Billing and Medical) Numbers 7 to 19. Plaintiff describes these cross-questions as inquiries into the "qualifications, training and opinions" of the medical records custodian. Plaintiff argues that these cross-questions are not relevant, circumvent Texas statutory law, are overly broad, unduly burdensome and harassing, and exceed the scope of the Texas Rules of Civil Procedure. Defendants point out that Plaintiff's sole basis for his requested relief is his reliance on TEX. CIV. PRAC. & REM. CODE §18.001. Plaintiff cannot lodge an objection to a deposition conducted in a federal lawsuit based on provisions of Texas law. *See* FED. R. CIV. P. 81(c) (federal rules govern procedure after removal). Plaintiff does not respond to this argument. Further, the cross-questions appear to have been motivated by the Plaintiff's Question 12 in his subpoena: "Please state whether or not the treatment and/or services performed to JORGE GALAVIZ were necessary for the proper medical care and treatment of the patient?" As such, the questions are proper. Accordingly, the Court will overrule Plaintiff's objections and deny the motion to quash or for protective order on these grounds.

Plaintiff requests that, in the event the Court finds Defendants' Cross-Questions concerning the custodians' qualifications, training, and opinions valid, he be given leave to amend his previously propounded direct questions to all healthcare providers (Medical and Billing) to prove up the medical and billing records. Federal Rules of Civil Procedure Rule 31(a)(5) states that redirect

questions may be served within seven days after service of cross-questions and the court may, for good cause, extend or shorten these times. The Court hereby extends the time for Plaintiff to serve redirect questions concerning the custodians' qualifications, training, and opinions to seven days from the date of this order.

Accordingly, the Court **OVERRULES** Galaviz and Key Health's Objections as well as Galaviz' individual Objections. The Court **DENIES** Galaviz and Key Health's Motion to Quash and Motion for Protective Order as well as Galaviz' individual Motion to Quash and Motion for Protective Order (Clerk's Dkt. #1). The Court **DENIES** Galaviz and Key Health's Request for Oral Hearing (Clerk's Dkt. #2). As Galaviz and Key Health's and Galaviz' individual objections are all overruled, Defendants' Motion to Strike Galaviz and Key Health's Objections (Clerk's Dkt. #8) is hereby **MOOT**.

SIGNED this 17th day of April, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE